Cam Semelsberger, Chair North Arkansas Regional Library Board 3749 Antique Court Harrison, AR 72601
Dear Ms. Semelsberger:
This is in response to your request for an opinion on the following questions concerning the North Arkansas Regional Library (NARL):
 1. If the quorum courts of the various counties were to agree to keep the NARL office in Boone County, would this be legal?
 2. In what way is the agreement of the various quorum courts to be secured? By ordinance, or by resolution, for example. Must this agreement of the quorum courts be unanimous, or will a majority of them agreeing suffice?
You state in this regard that the NARL offices are currently located in Boone County. You note, however, that Boone County, a former affiliate, has left the NARL. In posing these questions, you have cited Section 5 of Act 402 of 1997, which is codified as A.C.A. § 13-2-407(Supp. 1997).
RESPONSE
Question 1: If the quorum courts of the various counties were to agree tokeep the NARL office in Boone County, would this be legal?
It is my opinion that the answer to this question is in all likelihood "no." This follows, in my opinion, from the plain language of A.C.A. §13-2-407(a) (Supp. 1997), as well as from the fact that Boone County can no longer be the "headquarters county" for the NARL. See A.C.A. §§13-2-407(d) and 13-2-905(d) (Supp. 1997). Some explanation is necessary.
Section 13-2-407(a) states in relevant part that:
 [t]he library system headquarters building shall be located at a place in one of the counties to be agreed upon by the quorum courts of the various counties in the regional public library or with a cooperating library system.
The other reference to a "headquarters" is found in § 13-2-407(d),[1]
which states:
 If not provided for by library system or by one of the participating jurisdictions of the library system, all eligible employees of a joint city-county library or a regional public library system shall be entitled to the comparable retirement and fringe benefit coverage as other county employees in the headquarters county. Costs for these benefits shall be apportioned among the participating jurisdictions of the joint city-county library or a regional public library system.
When read together, therefore, these provisions clearly contemplate that the "headquarters county" will be that county in which the "headquarters building" is located. And this location must be "at a place in one of thecounties to be agreed upon by the quorum courts of the various countiesin the . . . system." A.C.A. § 13-2-407(a) (emphasis added). It thus follows that the "headquarters county" must be one of the counties in the library system.
With regard to your particular question, it seems clear that Boone County can no longer be the headquarters county, following its withdrawal from the NARL. A new headquarters county must therefore be selected pursuant to § 13-2-407(a). Maintaining the Boone County headquarters would, in my opinion, be contrary to § 13-2-407.
Question 2: In what way is the agreement of the various quorum courts tobe secured? By ordinance, or by resolution, for example. Must thisagreement of the quorum courts be unanimous, or will a majority of themagreeing suffice?
As stated above, it is my opinion that the remaining counties cannot agree in this instance to keep the NARL offices in Boone County because the "headquarters county" must be one of the participating counties. If this question refers to the process by which a new headquarters county is selected, § 13-2-407(a) states that the headquarters building location will be "agreed upon by the quorum courts of the various counties. . . ." It does not specify how such agreement should be reflected. It is my opinion, however, that the agreement must be unanimous. The term "agree" implies mutual consent. See Black's Law Dictionary 62 (5th ed. 1979) (defining "agree"). The counties must therefore each be in agreement.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] See also A.C.A. § 13-2-905(d) (Supp. 1997), part of the "Regional Library System Law."